THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Respondent-Appellant, v. CHARLES L. BLYTHE, Defendant and Petitioner-Appellee.

Fourth District No. 4—86—0388

Opinion filed March 11, 1987.

John B. Leonard, State's Attorney, of Mt. Sterling (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert E. Utter, of Mt. Sterling, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:
On January 23, 1986, the defendant was charged by citation complaint with driving under the influence of alcohol. Subsequently, a sworn report and notice of summary suspension were filed on March 5, 1986. The defendant filed a petition to rescind the suspension on March 17, 1986, and on May 27, 1986, the trial court found that the State had the burden of proceeding and the burden of proof at the rescission hearing, that the State had not met the burden, and granted the defendant's petition to rescind the summary suspension. The State appeals, asserting that the trial court was incorrect in granting the motion to rescind the suspension based upon the premise that the State had the burden of proof.

In the court's order of May 27, 1986, it recites that the parties argued prior to proceeding as to who had the responsibility for the burden of proof. The court indicated and ruled that the State had the burden of proof and of going forward with the evidence in any proceeding to rescind the statutory summary suspension. The State declined to present evidence. The defendant presented evidence; the State presented evidence in what the court called rebuttal. The court in its order stated, "court considers evidence and arguments presented and persists in its earlier ruling that the State has the burden of proof and burden of going forward with the evidence and finds that the State has failed to meet its burden of proof." Upon that finding, the trial court rescinded the statutory summary suspension.

There is nothing in the record to indicate what evidence was presented to the trial court. However, the only determination to be made by this court is whether the trial court's ruling was correct in finding that the State had the burden of going forward with the evidence and the burden of proof on a motion to rescind a summary suspension.

■ It is settled that due process does not require a prior adversary hearing in all cases in which a significant private interest is jeopardized by governmental regulatory action. *Dixon v. Love* (1977), 431 U.S. 105, 52 L. Ed. 1d 172, 97 S. Ct. 1723; *Cafeteria & Restaurant Workers Union, Local 473 v. McElroy* (1961), 367 U.S. 886, 6 L. Ed. 2d 1230, 81 S. Ct. 1743.

■ ■ The legislature of a State has the power to prescribe new and alter existing rules of evidence or prescribe methods of proof. (*People v. Wells* (1942), 380 Ill. 347, 44 N.E.2d 32; *People v. Rolfingsmeyer* (1984), 101 Ill. 2d 137, 461 N.E.2d 410.) Also, there is no violation of this doctrine because the circuit court, and not the Secretary of State, holds the hearing after a summary suspension has taken effect. (*People v. Farr* (1976), 63 Ill. 2d 209, 347 N.E.2d 146.) In *Farr*, the court rejected an argument that such provision would constitute an unlawful delegation of executive authority to the judiciary.

In *People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 107, 492 N.E.2d 187, 189, the court stated:

"[T]here are three factors for consideration in determining when a prior hearing is required to afford due process:

'[1] the [nature of the] private interest that will be affected by the official action;

■ the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of

additional or substitute procedural safeguards;

■ the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.' " Citing *Mathews v. Eldridge* (1976), 424 U.S. 319, 335, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903.

■ The *Eppinga* court stated that, "under the holdings in *Love* and [*Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612], due process does not mandate a hearing *prior* to the deprivation of this interest. Too, the governmental interest (the third factor), as in *Love* and *Montrym*, is highway safety. More specifically, as in *Montrym*, the safety hazard is drunk drivers. It is clear that a serious threat to human life and well-being is posed by those drivers." (Emphasis in original.) *People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 110, 492 N.E.2d 187, 191.

Important to a determination of this cause are sections 11—501.1 and 2—118.1(b) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1, 2—118.1(b)).

■ With respect to suspension of the driving privileges, section 11—501.1(d) provides:

"(d) If the person refuses testing or submits to a test which discloses an alcohol concentration of 0.10 or more, the law enforcement officer shall immediately *submit a sworn report to the circuit court of venue and the Secretary of State*, certifying that the test or tests was or were requested pursuant to paragraph (a) and the person refused to submit to a test, or tests, or submitted to testing which disclosed an alcohol concentration of 0.10 or more." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(d).

Upon receipt of the sworn report form, the Secretary of State enters a statutory suspension. Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1(e), 6—208.1, 11—501.1(g).

Section 2—118.1(b) of the Code provides in part:

"Upon the notice of statutory summary suspension served under Section 11—501.1, *the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded.* Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, or a similar provision of a local ordinance, the hearings shall be conducted by

the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension. Such hearing shall proceed in the court *in the same manner as in other civil proceedings.*

*The hearing may be conducted upon a review of the law enforcement officer's own official reports;* provided however, that the person may subpoena the officer. Failure of the officer to answer the subpoena shall be considered by the court to be the same as the failure of a complaining witness to appear in any criminal proceeding.

\* \* \*

Upon the conclusion of the judicial hearing, the circuit court shall continue or rescind the statutory summary suspension and immediately notify the Secretary of State. Reports received by the Secretary of State under this Section shall be privileged information and for use only by the courts, police officers and Secretary of State." (Emphasis added.) Ill. Rev. Stat. ch. 95½, par. 2—118.1(b).

Reference to the legislative proceedings with respect to section 2—118.1 indicates the desire and intention of the legislature that the suspension be automatic.

The petition to rescind filed by the defendant alleged that he was not properly placed under arrest for the offense as defined in section 11—501, that the arresting officer did not have reasonable grounds to believe that the defendant was driving or in actual physical control of a motor vehicle while under the influence of alcohol, and that he submitted to the request of tests but the test sample of his blood-alcohol concentration did not indicate a blood-alcohol concentration of 0.10 or more. This petition was filed on March 17, 1986. The State filed a response to the petition on May 6, 1986, denying in substance the allegations made by the defendant in his petition.

The principal case argued by the defendant in support of the trial court's order is *Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 347 N.E.2d 278. The State argues that the *Angel* case is not authority for disposition of the issue in this case. In *Angel,* which was decided under the motor vehicle code in effect in 1973 (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(d)), the defendant was notified that his privilege to operate a motor vehicle would be suspended unless within 28 days from the date of the mailing of the notice he should request in writing a hearing thereon. The statute required that the defendant petition the circuit court for a hearing, the hearing to then proceed in the same manner as other civil proceedings

except that the scope of such proceedings was limited. The *Angel* court stated:

"The legislature has provided that an implied consent hearing is to proceed in the circuit court as in other civil proceedings. Since it is a proceeding in which plaintiff seeks suspension of the driving privileges of the defendant, we hold that the plaintiff has the burden of proof to resolve all of the issues prescribed by a preponderance of the evidence to warrant the requested suspension." 37 Ill. App. 3d 746, 753, 347 N.E.2d 278, 284.

The State argues that under the present law dealing with petitions to rescind summary suspensions, the burden is placed upon the defendant because his license has been suspended and he is required to file a petition to rescind that suspension. As is argued by the State, the *Angel* decision is of no help in deciding the issue in the present case. Section 11—501.1(d) provides that if the person submits to the test and discloses an alcohol concentration of 0.10 or more, the law-enforcement officer "shall immediately submit a sworn report to the circuit court of venue." (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(d).) The officer is also required to submit a copy of that report to the Secretary of State. Upon subparagraph (e) of that same section, upon receipt of the sworn report by the Secretary of State, the Secretary shall enter a statutory suspension for the periods as required by section 6—208.1 of the Code. Subparagraph (h) requires that upon receipt of the sworn report from the law-enforcement officer, the court shall confirm the statutory suspension by mailing a notice of the effective date of such suspension to the person and the Secretary of State. Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1(e), (h).

When the requirements of section 11—501.1 have been complied with, the suspension will be effective. The defendant then has an opportunity, if he so desires, to request a hearing pursuant to section 2—118.1. The law-enforcement officer's sworn report being on file in the circuit court and the suspension having been made effective, the filing of a petition to rescind by the defendant requires him to proceed and have the burden of proof with respect to asking the court to rescind the summary suspension.

Section 2—118.1 provides in part that the "hearing may be conducted upon a review of the law enforcement officer's own official reports." (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).) Section 11—501.1(d) requires that the law enforcement officer's report be on file in order to ignite the suspension of the driver's license. (Ill. Rev.

Stat. 1985, ch. 95½, par. 11—501.1(d).) Because it is required to be on file in the circuit court record, it is appropriate that in order for the defendant to attack his suspension he also must attack the law-enforcement officer's sworn report and, for that reason, has the burden of proof and the burden to proceed. To place the burden upon the defendant is warranted. As argued by the State, a hearing on a motion to suppress evidence based on an allegedly illegal arrest places the burden upon the defendant. (*People v. Petersen* (1982), 110 Ill. App. 3d 647, 654, 442 N.E.2d 941, 947.) Likewise, the burden is placed upon a petitioner when driving privileges are sought due to revocation or suspension. The legislation, section 2—118.1(b), specifically authorizes the defendant to subpoena the officer. This provision gives further support to requiring the defendant to proceed.

As argued by the State, a rescission petition represents an action by the defendant asking the court to reverse an action which has already been taken. The legislation requires the judicial branch of government to be involved in an administrative proceeding, separate from the determination of guilt or innocence for the driving offense. If the licensee chooses not to petition for rescission, the court will have no direct contact with the driver during the suspension period except for the criminal offense. In order to attack the sworn report which ignited the summary suspension, the petition for rescission must be filed. To place the burden upon the licensee does not violate due process. *Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612; *Dixon v. Love* (1977), 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723; *People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 492 N.E.2d 187.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SPITZ, P.J., and GREEN, J., concur.