THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STANLEY NUNN, Defendant-Appellee.

Fourth District    No. 4—86—0825

Opinion filed June 2, 1987.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and James W. Ackerman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

On September 29, 1986, defendant was charged by citation and complaint with driving under the influence of alcohol and illegal transportation of alcoholic liquor. (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501(a), 11—502(a).) On the same date, a sworn report and notice of summary suspension was filed stating that defendant refused to submit or complete chemical tests to determine alcohol or drug content of his

blood. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1.) On October 3, 1986, defendant completed and filed with the circuit court a form petition to rescind the statutory summary suspension. At hearing, the trial court denied the State's request to admit the arresting officer's report as an exhibit and allowed the motion to rescind the statutory summary suspension. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1.) We reverse and remand.

The form petition to rescind the statutory summary suspension directed the petitioner to check the appropriate items from among the following:

"(X) I was not properly placed under arrest for an offense as defined in Section 11—501 of The Illinois Vehicle Code (Driving Under the Influence of Alcohol/Drugs) or a similar provision of a local ordinance, as evidenced by the issuance of a Uniform Traffic Ticket to other form of charge;

(X) The arresting officer did not have reasonable grounds to believe that I was driving or in actual physical control of a motor vehicle while under the influence of alcohol and/or other drugs, or a combination thereof;

(X) I was not properly warned by the arresting officer as provided in Section 11—501.1 of The Illinois Vehicle Code;

( ) I did not refuse to submit to and/or complete the required chemical test or tests, pursuant to Section 11—501.1 of The Illinois Vehicle Code, upon the request of the arresting officer;

( ) I submitted to the requested test or tests but the test sample of my blood alcohol concentration did not indicate a blood alcohol concentration of 0.10 or more."

Below the space for the petitioner's signature and date, the form stated:

"NOTE: Any judicial hearing, request or process pursuant to this Petition will not stay or delay the Statutory Summary Suspension. The hearing may be conducted upon a review by the court of the law enforcement officer's own official reports; provided however, that you may subpoena the arresting officer if you so desire. THE HEARING WILL BE LIMITED ONLY TO THE ISSUE(S) YOU HAVE MARKED IN THE BOXES NOTED ABOVE. The hearing will be held within 30 days after receipt of the Petition to Rescind Statutory Summary Suspension but, subject to the discretion of the court, not sooner than 7 days following receipt of such petition by the circuit court having jurisdiction."

On October 8, 1986, a confirmation of statutory summary suspension

was filed with the circuit court of Vermilion County pursuant to the provisions of section 11—501.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1). Hearing on the petition was set for October 22, 1986. On October 30, 1986, notice of a request for hearing on the petition to rescind statutory summary suspension was filed, and the cause was called for hearing on November 12, 1986, and the court granted defendant's petition. The State appeals. We reverse.

At hearing on the petition to rescind the statutory summary suspension, the assistant State's Attorney offered the arresting officer's sworn report as People's exhibit No. 1 for identification, referring to the statutory provision (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)) and arguing that, on a petition to rescind statutory summary suspension, "[t]he hearing may be conducted upon a review of the law enforcement officer's own official reports; provided however, that the person may subpoena the officer." The assistant State's Attorney said he understood that the officers involved in the arrest had not been subpoenaed and that the scope of the hearing was limited.

In support of admission of the arresting officer's sworn report, the State cited *People v. Black* (1980), 84 Ill. App. 3d 1050, 406 N.E.2d 23, and *People v. Hester* (1980), 88 Ill. App. 3d 391, 410 N.E.2d 638. In *Black*, the reviewing court upheld admissibility of hearsay evidence by a breathalyzer technician that the machine had been recently tested as accurate. The hearsay was admissible based on a decal affixed to a breathalyzer machine in the course of the department's statutory duty as required by section 11—501.1(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1(b)), which fell under the public-document exception to the hearsay rule. In *Hester*, the Second District Appellate Court upheld a defendant's DUI conviction against a challenge that breath test results were improperly admitted into evidence, *i.e.*, the trial judge committed reversible error when he received into evidence a page from an instrument logbook to establish that the breathalyzer machine was accurate and in proper working order. Based on *Black*, the *Hester* court found the page from the instrument logbook qualified as a public document and was admissible under the public records exception to the hearsay rule. See generally M. Graham, Cleary & Graham's Handbook of Illinois Evidence sec. 803.12, at 580-83 (4th ed. 1984).

Here, defendant objected to introduction of the document, arguing there had been no foundation or authentication to establish that it was the official police report prepared by the arresting officer. The assistant State's Attorney represented to the court that defendant had the statutory right to subpoena police officers and that officers were, in

fact, present, but said he had no intention of calling them unless ordered to do so by the court.

The trial judge denied the admission of the document represented to be the official report. The court thereupon granted defendant's petition to rescind the statutory summary suspension, although defendant had presented no evidence. The State requested that the record be certified for appeal.

This court held in *People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E.2d 402, *appeal pending* (1987), No. 65034, that the burden of proof on a petition to rescind statutory summary suspension of a driver's license is on the defendant as petitioner. Sections 11—501.1(d) through (h) require that the law-enforcement officer's report be on file in order to initiate the statutory summary suspension of the driver's license. (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1(d) through (h).) *Blythe* held that since the officer's report is required to be on file in the circuit court record, to attack a summary suspension the defendant-petitioner must also attack the law-enforcement officer's sworn report and has the burden of proof and the burden to proceed on the petition initiated pursuant to section 2—118.1 of the Code. As pointed out in *Blythe*, section 2—118.1(b) specifically authorizes the petitioner to subpoena the arresting officer. Such a petition represents an action by a defendant asking the court to reverse an action which has already been taken; and section 2—118.1 provides a mechanism for circuit court review, which is separate from the determination of guilt or innocence for the driving offense. The Second District Appellate Court has recently agreed that under section 2—118.1 the burden of proof is on the defendant who filed the petition. *People v. Griffith* (1987), 153 Ill. App. 3d 856, 861, citing *cf. Sutton v. Edgar* (1986), 147 Ill. App. 3d 723, 729-30, 498 N.E.2d 295, 300 (similarly construing section 2—118 of the Code).

Section 2—118.1(b) provides that hearings on a petition to rescind a statutory summary suspension "shall proceed in the court in the same manner as in other civil proceedings." The burden is on the defendant who filed a petition under this section, as it is with the movant in other civil proceedings:

> "The burden of production, also called the burden of producing evidence or the burden of going forward, is satisfied by evidence which, viewed in the aspect most favorable to the burdened party, is sufficient to enable the trier of fact reasonably to find the issue for him. [Citations.] In the normal case where the burden of persuasion also rests upon the party with the burden of production, the burden of production is satisfied by the introduc-

tion of evidence which, viewed in the aspect most favorable to the burdened party, is sufficient to enable the trier of fact reasonably to find each element of the cause of action more probably to be true than not true. When the party thus burdened introduces such evidence as to each element of the cause of action, he is said to have presented a *'prima facie* case.' Failure to satisfy the burden of production requires a decision by the court as a matter of law on the particular issue adverse to the burdened party. [Citations.]" (M. Graham, Cleary & Graham's Handbook of Illinois Evidence sec. 301.4, at 63-64 (4th ed. 1984).)

Here, the defendant presented no evidence, apparently believing the burden was on the State.

For the reasons stated above, the order of the circuit court granting defendant's petition to rescind the statutory summary suspension of his driver's license is reversed, and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GREEN and KNECHT, JJ., concur.