*In re* SUMMARY SUSPENSION OF DRIVER'S LICENSE OF JOHN E. TRAINOR (The People of the State of Illinois, Petitioner-Appellee, v. John E. Trainor, Respondent-Appellant).

Fourth District   No. 4—86—0565

Opinion filed July 13, 1987.

Fellheimer, Fellheimer, O'Dell, Travers & Luckman, Ltd., of Pontiac (Carey J. Luckman, of counsel), for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:
On July 24, 1986, the circuit court of Livingston County conducted a hearing pursuant to the defendant's request under section

2—118.1 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1) to rescind the defendant's statutory summary suspension imposed for refusing to take the breath test under sections 11—501.1 and 6—208.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1, 6—208.1) after being arrested for driving under the influence of alcohol (DUI) in violation of section 11—501 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501). After hearing testimony, the court denied the defendant's petition. Defendant appeals this denial alleging (1) there was insufficient evidence to support the court's finding that reasonable grounds existed for the driving under the influence arrest; (2) the suspension should have been rescinded since the hearing was not held within the 30 days mandated by section 2—118.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1); (3) the no-stay provision of section 2—118.1 of the Code violates the constitutional provisions of separation of powers and due process; and (4) the suspension should have been rescinded since the State failed to prove the defendant had been advised of the consequences of his refusal. We reverse.

On April 27, 1986, the defendant was arrested, following an accident, for the offense of DUI. Defendant received a statutory summary suspension for 12 months pursuant to section 11—501.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1) for failure to submit to chemical tests at the request of the arresting officer. Confirmation of that suspension was filed on May 9, and the suspension was to become effective on June 12, the 46th day following the arrest. On May 16, defendant filed a request for a hearing pursuant to section 2—118.1 of the Code, asking the summary suspension be rescinded. The hearing was set for May 27, at which time defendant filed a motion for substitution of judges. It was granted, and a new judge was appointed on May 29. On June 3, the court received a letter from defendant advising the court of the filing date of his motion and requesting the hearing be set up promptly. On July 3, defendant filed a motion to rescind suspension for lack of timely hearing. This was denied on July 17.

The implied-consent hearing on the original motion to rescind was held on July 24, 1986. The evidence showed that defendant was involved in a one-vehicle accident late at night, striking a light pole and knocking down power lines. At the time the police arrived, he was attempting to restart his vehicle. The force of the accident was sufficient to jam the car door. After exiting the vehicle, it was determined that defendant had been drinking earlier and had been involved in a fight located at a local tavern. Defendant had an odor of alcohol about

him and mumbled as he spoke. He was placed under arrest for DUI. The officers testified at that point defendant was read "The Warning for Refusal to Take the Test," and this was explained to the defendant several times. At no time was the warning introduced into evidence, nor was its contents explained by the officers. Defendant refused the test. The court found the requirements of section 2—118.1(b) had been met and denied the motion to rescind.

Defendant requested a stay of the court's order pending appeal. The court denied this motion, believing it had no authority under section 2—118.1. Defendant appeals.

This appeal involves the new statutory summary suspension framework which was adopted by the legislature as a way of toughening up DUI enforcement and became effective on January 1, 1986. Prior to this, the old implied-consent law was contained in one section of the Code. The implied-consent law is now included in the summary suspension framework contained in sections 2—118.1, 6—206.1, 6—208.1, and 11—501.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, pars. 2—118.1, 6—206.1, 6—208.1, 11—501.1).

■■ ■ First, we agree with the court's finding that reasonable grounds existed for the defendant's arrest for DUI. While the burden of proceeding and the burden of proof is on the defendant (*People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E.2d 402), in this case, the State accepted the burden of going forward. The civil standard of preponderance of the evidence controls. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1; *People v. Greenspon* (1984), 129 Ill. App. 3d 849, 473 N.E.2d 331.) The findings of the trial court in an implied-consent hearing should not be overturned unless they are against the manifest weight of the evidence. (*People v. Jacquith* (1984), 129 Ill. App. 3d 107, 472 N.E.2d 107; *People v. Bafia* (1983), 112 Ill. App. 3d 710, 445 N.E.2d 878.) The accident, the lateness of the hour, the efforts to restart the vehicle with downed power lines around, the alcohol on defendant's breath, his admission of drinking and being involved in a fight at the tavern all add up to sufficient evidence to support the court's decision.

Next, defendant argues the suspension should be rescinded for failure to hold the implied-consent hearing within the statutorily mandated 30 days. We agree.

Section 2—118.1(b) is the new section that sets forth the requirements for the implied-consent hearing. This section provides in part:

> "(b) Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. ***

Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, or a similar provision of a local ordinance, the hearings *shall* be conducted by the circuit court having jurisdiction." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).)

At the July 17 hearing, the State conceded, and the court found, that the hearing had not been held within the required 30 days. The court found that no remedy is specified for failure to hold the hearing within 30 days and denied defendant's motion to dismiss.

■ Once a driver's license is issued, it is considered a property interest under protection of the due process clause. (*People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 492 N.E.2d 187; *Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586.) Due to the acute concern over highway safety, especially concerning drivers under the influence of alcohol, it is not necessary in order to comply with due process to grant the driver a presuspension hearing (*People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 492 N.E.2d 187), but it is necessary to make a prompt post-suspension hearing available. *Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612.

■ Under the new implied-consent framework, a driver will receive a summary suspension commencing the 46th day following his arrest if he refuses to take chemical tests at the request of the arresting officer. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1.) Once a hearing to rescind the suspension is requested, it must be held within 30 days of request. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1.) This hearing can be either pre- or post-suspension, depending on the time of request. It is clear, though, that the 30-day time period is mandatory. This time period is the legislature's determination of what constitutes a prompt hearing for due process requirements. Failure to hold the hearing within the required 30 days violates the driver's due process rights. The only appropriate remedy is to require the rescission of his suspension.

In this case, it is clear defendant did not have his hearing within the required time. In fact, but for defendant's persistence, it might have been a much longer time before a hearing was held.

■ The State asserts that delay was occasioned by the defendant, and he should not be able to benefit by it. In part, we agree. Where, as here, a driver requests a change of judge, then the 30 days shall not start running until the new judge, who we anticipate will be promptly appointed, is furnished with a request of hearing. In the

present case, defendant notified the new judge on June 3 that an implied-consent hearing was pending and requested a hearing date. On July 3, no hearing having been held, he filed his motion to rescind for lack of timely hearing. It is clear there was no compliance with the required time period. We hold that in order to comply with due process requirements, the hearing required in section 2—118.1 must be held within the 30 days unless delay is occasioned by the defendant, and failure to do so will require rescission of the suspension.

Defendant next asserts that the no-stay provision of section 2—118.1(b) is unconstitutional in that it violates the Illinois constitutional provision of separation of powers and Federal and State due process guarantees by not allowing the hearing court to stay a suspension pending appeal of an adverse ruling. In this case, the court denied defendant's motion for a stay, concluding the legislature prohibited the court from granting a stay of a summary suspension.

Section 2—118.1(b) of the Code provides in part:

"This judicial hearing, request or process shall not stay or delay the statutory summary suspension." (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).)

The separation of powers requirement is set forth in the Illinois Constitution as follows:

"The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." Ill. Const. 1970, art. II, sec. 1.

■■■ The separation of powers clause of the Illinois Constitution does not contemplate rigidly separated compartments. (*Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 58, 389 N.E.2d 1170, 1172; *In re Estate of Barker* (1976), 63 Ill. 2d 113, 119, 345 N.E.2d 484, 487.) However, if a " 'power is judicial in character, the legislature is *expressly prohibited* from exercising it.' " (*People v. Joseph* (1986), 113 Ill. 2d 36, 41, 495 N.E.2d 501, 504; *People v. Jackson* (1977), 69 Ill. 2d 252, 256, 371 N.E.2d 602, 604.) A " '[j]udicial power is the power which adjudicates upon the rights of citizens and to that end construes and applies the law.' " (113 Ill. 2d 36, 41, 495 N.E.2d 501, 504; *People v. Hawkinson* (1927), 324 Ill. 285, 287, 155 N.E. 318, 319.) The concept of "judicial power" includes the inherent authority to prescribe and institute rules of procedure. 113 Ill. 2d 36, 42, 495 N.E.2d 501, 504; *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 148-149, 105 N.E.2d 713, 715.

■ The legislature does have power to enact laws governing judicial practice when those laws do not unduly infringe upon the inherent powers of the judiciary. (*People v. Flores* (1984), 104 Ill. 2d 40, 46, 470 N.E.2d 307, 309; *People v. Davis* (1982), 93 Ill. 2d 155, 161, 442

N.E.2d 855, 858.) However, this is only when the statute is not in direct conflict with a supreme court rule. *People v. Joseph* (1986), 113 Ill. 2d 36, 45, 495 N.E.2d 501, 506; *People v. Cox* (1980), 82 Ill. 2d 268, 274, 412 N.E.2d 541, 545; *People v. Jackson* (1977), 69 Ill. 2d 252, 259, 1371 N.E.2d 602, 605.

Article VI, section 16, of the 1970 Illinois Constitution grants the supreme court administrative and supervisory authority over the courts and provides in part:

> "The Supreme Court shall provide by rule for expeditious and inexpensive appeals."

Supreme Court Rule 305 provides:

> "On notice and motion, and an opportunity for opposing parties to be heard, the trial court, or the reviewing court or a judge thereof, may start pending appeal the enforcement of a judgment for money only not stayed by compliance with paragraph (a) of this rule, or the enforcement, force and effect of any other final or interlocutory judgment or judicial or administrative order." 87 Ill. 2d R. 305(b)(1).

At first, it appears a direct conflict exists between section 2–118.1 of the Code and Supreme Court Rule 305 concerning the authority of the court to grant a stay pending appeal. This is further supported by the Committee Comments of Rule 305. The comment to Rule 305(b) reads in part:

> "The provision permitting the court to stay administrative as well as judicial orders was added in 1969 to permit stay of an administrative order such as the revocation of a license pending appeal from a judgment of the circuit court upholding the order." Ill. Ann. Stat., ch. 110A, par. 305, Committee Comments, at 206-07 (Smith-Hurd 1985).

■ However, a statute should be interpreted so as to avoid a construction which would raise doubts as to its validity. (*Morton Grove Park District v. American National Bank & Trust Co.* (1980), 78 Ill. 2d 353, 363, 399 N.E.2d 1295, 1299; *People v. Davis* (1982), 93 Ill. 2d 155, 161, 442 N.E.2d 855, 858.) It is the duty of the courts to construe acts of the legislature so as to affirm their constitutionality and validity if it can reasonably be done, and if their construction is doubtful, the doubt will be decided in favor of the validity of the law challenged. *People v. Flores* (1984), 104 Ill. 2d 40, 46, 470 N.E.2d 307, 309; *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Com.* (1969), 42 Ill. 2d 385, 389, 251 N.E.2d 253, 257.

■ We find that no conflict exists because we interpret the no-stay provision as only applying to the original implied-consent hear-

ing. Courts cannot stay the suspension prior to a ruling on the section 2—118.1 hearing. This furthers the legislative intent to promote traffic safety by removing drunk drivers from the road by allowing for prompt suspensions and not allowing motorists to use dilatory tactics to delay suspensions. However, in interpreting section 2—118.1(b) as constitutional, we hold that it is not applicable to the court's power to stay pending appeal from a 2—118.1 hearing order. We note Rule 305 does not mandate the grant of a stay of suspension pending appeal. That is in the discretion of the court, but that authority is inviolable and cannot be interfered with by the legislature.

■■ Defendant lastly asserts the State failed to prove he was advised of the consequences of a refusal to take the test. Due to our decision on other issues, we need not discuss this matter, but we believe we should give some direction on this question. Section 11—501.1(c) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(c)) requires the arresting officer to advise the defendant that a refusal will result in a suspension as contained in section 6—208.1 (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.1). This section sets out the time periods for the suspension. These warnings are contained in a form titled "Warning to Motorist." The form contains lines for the officer's signature, name of motorist, and other identifying information. This form is filled out by the arresting officer and filed with the court of venue. Section 2—118.1(b)(3) of the Code makes the giving of the warning to the defendant an issue in an implied-consent hearing. Since the "Warning to Motorist" form accurately states the required warnings, we believe, to satisfy this requirement, the evidence should contain testimony that the officer read this form to the defendant and the properly introduced form.

For the above-mentioned reasons, we reverse the Livingston County circuit court's denial of defendant's motion to rescind for lack of timely hearing and remand directing the trial court to rescind the section 11—501.1 suspension.

Reversed and remanded.

SPITZ, P.J., and KNECHT, J., concur.