*In re* SUMMARY SUSPENSION OF DRIVER'S LICENSE OF TAYLOR VAUGHN (The People of the State of Illinois, Plaintiff-Appellee, v. Taylor Vaughn, Defendant-Appellant).

Fourth District No. 4—87—0447

Opinion filed December 23, 1987.

**50**

Fellheimer, Travers & Luckman, Ltd., of Pontiac (Carey J. Luckman, of counsel), for appellant.

Greg Roosevelt, State's Attorney, of Lincoln (Kenneth R. Boyle, Robert J. Biderman, and Perry Lee Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On June 2, 1987, the circuit court of Logan County entered an order denying the petition of defendant Taylor Vaughn requesting rescission of his statutory summary suspension for refusing to take the chemical tests required by section 11—501.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1). Defendant appeals alleging the court's decision was against the manifest weight of the evidence, and the officer did not sufficiently request defendant to take the required tests.

On March 22, 1987, defendant was placed under arrest for driving under the influence of intoxicating liquor in violation of section 11—501 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501). At the same time, defendant was served notice that he would receive a statutory summary suspension of his driver's license for six months for refusing to take the required tests pursuant to section 11—501.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1). On May 6, 1987, defendant requested a hearing pursuant to section 2—118.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1) for the purpose of asking the court to rescind his statutory summary suspension. On June 2, 1987, the hearing was conducted.

The State proceeded first and introduced into evidence the written report of Trooper J. M. Erickson, the arresting officer. The report states that Erickson observed defendant's vehicle on I-55 swerving in its lane of traffic. Upon stopping the vehicle, she smelled a strong odor of alcohol coming from defendant's breath, and his eyes were bloodshot. At the time, she requested he perform various field sobriety tests, which the report explains in detail and which he failed. She then placed him under arrest for driving under the influence of intoxicating liquor (DUI) and issued him his tickets. She advised him of the required implied-consent warnings while he read along on his copy. He stated he understood these rights, and defendant refused to take the test.

Defendant testified he was returning from his father's funeral, where he had some drinks several hours earlier. At the time he was stopped, he was not weaving in his lane. His eyes were red because he had been crying at his father's funeral. After placing him under arrest for DUI, the trooper asked, "Do you want to take the test?" He responded, "No, I don't want to take the test."

On cross-examination, defendant admitted that he was warned that if he took the test and his blood-alcohol count was .10 or more, he would have his driver's license suspended for three months, and if he refused to take a requested test, his license would be suspended for six months. He acknowledged he understood this at the time it was given.

Trooper Erickson was called by the defense but did not testify concerning any of the particulars in her report. Both sides rested, and the court denied defendant's request for rescission of the statutory summary suspension. This appeal followed.

Defendant contends the court's decision is erroneous. However, this allegation is based in part on an incorrect interpretation of our recent case *In re Summary Suspension of Driver's License of*

*Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614.

■■ In *People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E.2d 402, this court held that the burden of proof, in a hearing where the defendant requests a rescission of suspension, is on the defendant. In *Trainor*, we reasserted that holding. However, the rescission hearing in that case was conducted before the *Blythe* decision, and the State had proceeded with the burden of proof. In reaffirming *Blythe* and also explaining the circuit court's procedure in *Trainor*, we stated that "[w]hile the burden of proceeding and the burden of proof is on the defendant (*People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E.2d 402), in this case, the State accepted the burden of going forward." (*Trainor*, 156 Ill. App. 3d at 921, 510 N.E.2d at 616.) Defendant has construed this to mean that in the cases where the State proceeds first, the State is assuming the burden of proof. This is incorrect. The law of this district concerning the burden of proof is *Blythe*. This is true regardless of the order in which evidence is presented. Therefore, the burden of proof in the current case is on defendant.

■■ Defendant contends the decision was incorrect since the State relied on the unsworn police report while he testified under oath. He believes his testimony is, therefore, sufficiently more reliable and requires a finding that the suspension should be rescinded. Section 2—118.1(b) specifically provides: "The hearing may be conducted upon a review of the law enforcement officer's own official reports." (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).) Thus, the admission of the report into evidence was proper. The weight to be given to the evidence is up to the trier of fact, and its findings will not be overturned unless they are against the manifest weight of the evidence. (*People v. Jacquith* (1984), 129 Ill. App. 3d 107, 117, 472 N.E.2d 107, 114.) We also note the arresting officer was present in court and subject to examination on her report.

■■ We have reviewed the evidence. The burden of proof is the civil standard of preponderance of the evidence (*People v. Greenspon* (1984), 129 Ill. App. 3d 849, 473 N.E.2d 331), and, as discussed, is the defendant's burden. We agree with the court that defendant did not meet it.

Defendant next contends that the trooper's question, "Do you want to take the test?" and his answer, "No, I don't want to take the test," are not sufficient for a request and refusal to submit to the required tests. Defendant notes section 11—501.1 of the Code continually refers to the defendant's being "requested" to perform the tests. He argues that the phrase "requested" is similar in meaning to

"asked" and is much more specific than a desire to take the test which is suggested by "Do you want to take the test?" Therefore, he urges, since the trooper did not specifically ask if he would take the test but only asked if he desired to do so, there was no "request" as envisioned by statute, and, accordingly, no refusal.

While we agree with defendant that there is clearer language which could have been used, we find that the language used was sufficiently clear. The evidence shows that at the time defendant was under arrest for DUI, he had been advised of the consequences of taking or refusing the breath test. He had a copy of the explanation in his hands, and he fully understood these rights. It was at this point he was asked, "Do you want to take the test?" This sufficiently communicated the necessary request to the defendant. To hold otherwise would defy common sense.

For the reasons stated above, the decision of the circuit court of Logan County is affirmed.

Affirmed.

KNECHT and SPITZ, JJ., concur.