THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. H. PETER KELLER, Defendant-Appellant.

Second District   No. 2—87—0730

Opinion filed April 29, 1988.—Rehearing denied May 19, 1988.

Donald J. Mock, of Law Offices of Donald J. Mock, of Itasca, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Richard L. Salon, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

The petition of defendant, H. Peter Keller, for rescission of the statutory summary suspension of his driving privileges (Ill. Rev. Stat.

1985, ch. 95½, par. 2—118.1) was denied by the circuit court of Du Page County pursuant to the State's motion for a directed verdict at the conclusion of defendant's case in chief. He appeals and we affirm.

■ In any case in which plaintiff has failed to make out a *prima facie* case, *i.e.*, he has not presented at least some evidence on every element essential to his cause of action, defendant is entitled to judgment in his favor as a matter of law. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 407 N.E.2d 43.) Section 2—118.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1) sets forth certain issues to which a summary suspension hearing is to be limited:

> "1. Whether the person was placed under arrest for an offense as defined in Section 11—501, or a similar provision of a local ordinance, as evidenced by the issuance of a Uniform Traffic Ticket; and
>
> 2. Whether the arresting officer had reasonable grounds to believe that such person was driving or in actual physical control of a motor vehicle while under the influence of alcohol, other drug, or combination thereof; and
>
> 3. Whether such person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to and complete the test or tests, did refuse to submit to or complete such test or tests to determine the person's alcohol or drug concentration; or
>
> 4. Whether the person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person submits to a chemical test, or tests, and such test discloses an alcohol concentration of 0.10 or more, and such person did submit to and complete such test or tests which determined an alcohol concentration 0.10 or more."

Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).

See *People v. Badoud* (1988), 122 Ill. 2d 50, 53.

Defendant contested three of the four statutorily prescribed issues for the rescission of a summary suspension, specifically contending: (1) the officer did not arrest him (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)(1)); (2) the officer did not have reasonable grounds to believe that defendant was operating a motor vehicle while under the influence of alcohol, other drug or a combination thereof (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)(2)); and (3) the officer did not advise him that his privilege to operate a motor vehicle would be suspended if he submitted to a chemical test which determined a concentration of .10 or more; whether the results indicated an alcohol concentration

of .10 or more (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118—1(b)(4)).

At the hearing on defendant's petition, his attorney, Donald J. Mock, examined defendant and the arresting officer. The State did not cross-examine either witness. Defendant rested, and the State moved for a directed verdict in its favor arguing that defendant failed to adduce evidence to sustain his burden of proof on any of the three issues.

Our reading of the record of the extraordinarily truncated examination by attorney Mock of his client, the defendant, established that he asked only three questions of possible relevancy to his burden of proof:

"Q. [Defense attorney Mock]: In your opinion were you violating any of the Motor Vehicle Code, Rules of the Road?
A. [Defendant]: No.
Q. Were you violating any of the ordinances of Roselle?
A. No.
Q. In your opinion, were you under the influence of intoxicating liquor?
A. No."

Attorney Mock then examined the police officer as the second part of his case in chief. The questions related to the giving of a breathalyzer test. No questions were asked relating to any of the three issues which defendant raised in his petition for rescission.

At the close of defendant's case the State moved for and was granted a directed verdict. This appeal ensued.

■ Our examination of the record of defendant's testimony, consisting of two pages and the answers to a total of only 10 questions, confirms the failure of defendant's counsel to adduce evidence upon, much less to prove, any of the three relevant issues. Further, defense counsel's examination of the arresting officer discloses a total failure to adduce any proof on any of the three issues constituting defendant's burden. (See *People v. Brandt* (1988), 165 Ill. App. 3d 406; see also *People v. Vaughn* (1987), 164 Ill. App. 3d 49, 517 N.E.2d 699; *People v. Torres* (1987), 160 Ill. App. 3d 643, 513 N.E.2d 1142; *People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E.2d 402.) Since petitioner failed to make out a *prima facie* case by presenting at least some evidence on every element essential to his cause of action, the State is entitled to judgment in his favor as a matter of law. *Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 407 N.E.2d 43.

■ Defendant's second issue concerning the alleged violation of the Standards of the Illinois Department of Health by the officer in the giving of the breathalyzer test is moot as being irrelevant to the

issues relating to the rescission of the summary suspension of driving privileges. Ill. Rev. Stat. 1985, ch. 95½, par. 118.1(b); see *People v. Badoud* (1988), 122 Ill. App. 3d at 53.

The judgment of the circuit court of Du Page County ordering the Secretary of State to continue the summary suspension of defendant's driving privileges is affirmed.

Affirmed.

WOODWARD and UNVERZAGT, JJ., concur.