THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY R. HART, Defendant-Appellant.

Second District    No. 2—99—0758

Opinion filed June 6, 2000.

Peter M. Tumminaro, of Law Offices of Peter M. Tumminaro, Ltd., of Roselle, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Paul Benjamin Linton, of Northbrook, for the People.

JUSTICE RAPP delivered to opinion of the court:

Defendant, Jeffrey R. Hart, appeals the trial court's refusal to rescind the summary suspension of his driving privileges pursuant to section 11—501.1 of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501.1(c) (West 1998)). We affirm.

The facts relevant to this case are as follows. In January 1999, defendant was arrested for driving under the influence of alcohol (625 ILCS 5/11—501(a) (West 1998)), and the arresting officer asked defendant to take a breath test to determine his blood-alcohol content. After being administered warnings by the officer as required by section 11—501.1(c) of the Code, defendant refused to take the test. As a result, because defendant was a repeat offender, his driving privileges were summarily suspended for a minimum of three years (see Pub. Act 90—738, § 5, eff. January 1, 1999 (amending 625 ILCS 5/6—208.1(a)(3) (West 1998))), and he was prohibited from applying for a restricted driving permit for two years from the effective date of the summary suspension (see Pub. Act 90—738, § 5, eff. January 1, 1999 (amending 625 ILCS 5/6—208.1(g) (West 1998))).

Defendant petitioned to rescind the summary suspension (see 625

ILCS 5/2—118.1 (West 1998)), arguing that the officer's warnings failed to inform him that he could not apply for a restricted driving permit for two years if he refused to take the breath test. According to defendant, section 11—501.1(c) of the Code required the officer to administer such a warning. Defendant alternatively argued that section 11—501.1(c) violated substantive due process and equal protection. The trial court denied the petition, as well as a motion to reconsider, and an amended supplemental petition to rescind the summary suspension. This timely appeal followed.

Raising the same arguments made in his petitions to rescind, defendant argues on appeal that the trial court erred in denying the petitions. Defendant first contends that the arresting officer was required to warn him that refusing to take the breath test would result in his inability to apply for a restricted driving permit for a period of two years. Essentially, defendant argues that the language of section 11—501.1(c) of the Code requires officers to warn drivers of all the consequences flowing from the refusal to take a breath test. Almost a decade ago, the supreme court rejected an analogous argument in *People v. Wegielnik*, 152 Ill. 2d 418 (1992). We now expand *Wegielnik* to the argument raised by defendant in this case.

In *Wegielnik*, the supreme court noted that the purpose of section 11—501.1(c) of the Code is not to advise drivers of whether they should take a breath test or to give drivers a choice between the lengths of a resulting suspension. Instead, section 11—501.1(c) is simply designed to provide notice to drivers that the refusal to take, or the failure of, a breath test will result in the summary suspension of their driving privileges. *Wegielnik*, 152 Ill. 2d at 424. The supreme court held that section 11—501.1(c) "does not require that a motorist *understand the consequences of refusing to take a blood-alcohol test* before the State may summarily suspend [his] driver's license for failure to take the test." (Emphasis added.) *Wegielnik*, 152 Ill. 2d at 424. The well-known rules of statutory construction also lead us to the same conclusion.

The primary goal in construing a statute is to ascertain and give effect to legislative intent. *Wegielnik*, 152 Ill. 2d at 423. This goal is best achieved by looking to the plain meaning of the statutory language. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996). Where the language is clear and unambiguous, the statute must be applied without further aids of statutory construction. *Robinson*, 172 Ill. 2d at 457. Absurd constructions must be avoided. *People v. Davis*, 296 Ill. App. 3d 923, 929 (1998). Since statutory construction is a question of law, our standard of review is *de novo*. *Robinson*, 172 Ill. 2d at 457.

■ Section 11—501.1(c) of the Code provides in part:

"A person requested to submit to a [chemical] test as provided

above shall be warned by the law enforcement officer requesting the test that a refusal to submit to the test will result in the statutory summary suspension of the person's privilege to operate a motor vehicle as provided in Section 6—208.1 of this Code." 625 ILCS 5/11—501.1(c) (West 1998).

Section 6—208.1 of the Code addresses the length of suspensions, the restoration of driving privileges, and reinstatement fees. 625 ILCS 5/6—208.1 (West 1998). Effective January 1, 1999, subsection (g) of section 6—208.1 of the Code provides:

"Following a statutory summary suspension of driving privileges *** where the person was not a first offender, *** and such person refused or failed to complete a [chemical] test or tests to determine the alcohol, drug, or intoxicating compound concentration pursuant to Section 11—501.1, the Secretary of State may issue a restricted driving permit if at least 2 years have elapsed since the effective date of the statutory summary suspension." 625 ILCS 5/6—208.1(g) (West 1998).

We find that the plain meaning of the language of section 11—501.1(c) requires only that a driver be informed that refusing a breath test will result in the summary suspension of driving privileges for a period of time outlined in section 6—208.1 of the Code. Nothing in section 11—501.1(c) requires informing a driver of the additional possible consequences flowing from a summary suspension. Section 6—208.1(g) sets out one of the additional consequences that flows from a summary suspension. We hold that section 11—501.1(c) of the Code does not require drivers to be warned about section 6—208.1(g) consequences. Indeed, any other interpretation of section 11—501.1(c) of the Code would violate the prohibition against reading into statutes conditions unintended by the legislature (see *Kunkel v. Walton*, 179 Ill. 2d 519, 535 (1997)) and would produce an absurd construction of the statute (*Davis*, 296 Ill. App. 3d at 929). In this case, defendant was properly warned by the arresting office prior to refusing the breath test, and the trial court therefore properly denied his petitions to rescind his summary suspension.

Defendant next argues that failing to warn drivers of the consequences flowing from a summary suspension violates substantive due process. *Wegielnik* also settled this issue. In *Wegielnik*, the court held that due process does not require a driver to be warned about any of the consequences of refusing a breath test. *Wegielnik*, 152 Ill. 2d at 428; see also *People v. Fisher*, 184 Ill. 2d 441, 461 (1998). It follows then that substantive due process also does not require a driver to be warned about the additional possible consequences flowing from the summary suspension of a repeat offender's driving privileges. Based

on *Wegielnik* and *Fisher* we reject defendant's substantive due process argument.

■ Defendant's final argument is that section 11—501.1(c) of the Code violates equal protection because first-time offenders are warned of all the consequences flowing from a summary suspension, where repeat offenders are not. While we agree that the equal protection clause provides that similarly situated people must be treated similarly (*People v. Fisher*, 184 Ill. 2d 441, 450 (1998)), we do not find that equal protection is violated here. Contrary to defendant's argument, section 11—501.1 does not require that first-time offenders be warned about all the consequences of their refusal to submit to testing. Rather, section 11—501.1(c) requires that any and all persons, whether first-time or repeat offenders, who are asked to take a chemical test shall be warned that refusing to take the test will result in the statutory summary suspension of their driving privileges. 625 ILCS 5/11—501.1(c) (West 1998). In short, we find nothing in section 11—501.1(c) that makes the distinction suggested by defendant and thus we reject defendant's equal protection challenge.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

THOMAS and HUTCHINSON, JJ., concur.