THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK MOEN, Defendant-Appellant.

Second District   No. 2—00—0517

Opinion filed July 20, 2001.

714

Peter M. Tumminaro, of Law Offices of Peter M. Tumminaro, Ltd., of Roselle, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RAPP delivered the opinion of the court:

Defendant, Frank Moen, appeals the denial of his petition to re-

scind the statutory summary suspension of his driving privileges. On appeal, defendant argues that the trial court erred when it denied the petition to rescind because the arresting officer never advised defendant that defendant would not be eligible for a restricted driving permit for two years. Defendant claims that this failure to warn defendant violated defendant's substantive due process and equal protection rights. Defendant also argues that he was denied his procedural due process rights because the Secretary of State's letter confirming the suspension of defendant's driving privileges was filed with the trial court 67 days after defendant's driving privileges were suspended and this late notice prevented defendant from proceeding with his petition to rescind. We affirm.

On November 15, 1999, defendant was pulled over for driving under the influence of drugs (625 ILCS 5/11—501(a)(3) (West 1998)). The arresting officer asked defendant to submit to a chemical test, and defendant refused. Because defendant refused to take the test, defendant was advised that his driving privileges would be suspended for a period of six months if he was a first-time offender and three years if he was not a first-time offender. On January 21, 2000, confirmation of the suspension of defendant's driving privileges was filed with the trial court. On March 8, 2000, defendant filed a petition entitled "Supplemental Petition to Rescind Summary Suspension." The petition was denied, and this timely appeal followed.

●1 The statutes with which defendant takes issue are section 11—501.1(c) of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501.1(c) (West 1998)) and section 6—208.1(g) of the Code (see Pub. Act 90—738, § 5, eff. January 1, 1999 (amending 625 ILCS 5/6—208.1(g) (West 1998))). The relevant portion of section 11—501.1(c) of the Code provides that a law enforcement officer shall warn a defendant who is stopped for driving while under the influence that refusing a chemical test will result in the statutory summary suspension of the defendant's driving privileges. The relevant part of section 6—208.1(g) of the Code provides that the Secretary of State may issue a restricted driving permit to a non-first-time offender who refuses to take a chemical test if at least two years have passed from the effective date of the offender's suspension.

●2 Defendant first argues that the trial court erred when it denied his petition to rescind because the arresting officer was required to advise defendant that defendant could not receive a restricted driving permit for two years. This court addressed this issue in *People v. Hart*, 313 Ill. App. 3d 939 (2000). In *Hart*, this court concluded that the warnings that must be given to drivers who are driving while under the influence do not include warnings about the eligibility for a restricted driving permit. *Hart*, 313 Ill. App. 3d at 942.

●3 Defendant next argues that his equal protection and substantive due process rights were violated because first-time offenders are warned of all the consequences flowing from a refusal to take a chemical test, and non-first-time offenders, like defendant, are not similarly warned. The requirements of both equal protection and substantive due process are satisfied as long as, among other things, the law treats similarly situated people similarly. *Kaltsas v. City of North Chicago*, 160 Ill. App. 3d 302, 304 (1987). This court addressed in *Hart* the constitutional argument that defendant has raised here. In *Hart*, this court determined that the requirements of equal protection were not violated because first-time offenders were not treated differently from non-first-time offenders under the relevant portions of the Code. *Hart*, 313 Ill. App. 3d at 943.

●4 Defendant also argues that informing a driver that he would not be eligible for a restricted driving permit would induce drivers to submit to chemical tests. This inducement in turn would promote highway safety, which is the goal of the suspension laws, because submitting to the tests would keep drivers who are under the influence off the roads. Under section 6—208.1(a)(4) of the Code, a non-first-time offender who submits to a chemical test will have his driving privileges suspended for one year if he fails the test. 625 ILCS 5/6—208.1(a)(4) (West 1998). A non-first-time offender who refuses the test will have his license suspended for three years. 625 ILCS 5/6—208.1(a)(3) (West 1998). In contrast to defendant's argument, highway safety, or keeping drivers under the influence off the roads, is achieved regardless of whether the defendant submits to the chemical test, and highway safety is actually improved for a greater length of time if a defendant refuses the chemical test. We do not believe that informing non-first-time offenders about their eligibility to receive a restricted driving permit would change these results.

●5 Defendant's final argument is that he was deprived of his procedural due process rights when the confirmation of defendant's suspension was filed 67 days after defendant was stopped and asked to take a chemical test. Defendant claims that this lack of confirmation prevented defendant from filing his petition to rescind earlier. We do not agree.

Although sections 11—501.1(g) and (h) of the Code (625 ILCS 5/11—501.1(g), (h) (West 1998)) provide that a summary suspension occurs 46 days after a defendant was given notice of the suspension and the Secretary of State shall send a confirmation of the suspension, neither these statutes nor any other law requires that the confirmation of the summary suspension must be received before a defendant may file a petition to rescind the suspension. In fact, as the State has

indicated, a defendant may file a petition to rescind the suspension of his driving privileges before the confirmation of the suspension has been filed. See *People v. Nunn*, 156 Ill. App. 3d 604, 605 (1987) (noting in a discussion of the facts that the defendant filed a petition to rescind the summary suspension of his driving privileges five days before confirmation of the suspension was filed with the trial court); *People v. Wilder*, 156 Ill. App. 3d 663, 664 (1987) (acknowledging that the defendant filed his petition to rescind the summary suspension of his driving privileges 11 days before confirmation of the suspension was filed with the trial court).

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HUTCHINSON, P.J., and GROMETER, J., concur.