THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD NEVILLE, Defendant-Appellant.

Third District    No. 3—86—0386

Opinion filed January 14, 1987.

David W. Neal, of Neal, Cortina & Associates, of Coal City, for appellant.

Charles R. Zalar, State's Attorney, of Morris (Gerald P. Ursini, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Donald Neville, was arrested for driving under the influence of alcohol. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.) As a result, his driver's license was summarily suspended. The trial court subsequently denied his petition to rescind the statutory summary suspension. The defendant appeals. We affirm.

On March 14, 1986, Officer Doug Hayse stopped the defendant for speeding. Following the defendant's poor performance on several field sobriety tests, the officer took him to the police station for a breathalyzer test. The defendant registered over .10 on the breathalyzer test administered by Morris police chief Alan Love. He was served with immediate notice of summary suspension of his driving privileges.

The defendant then filed a petition for rescission of summary suspension and delivered subpoena for Chief Love and Officer Hayse to the dispatcher on duty at the Morris police department. Officer Hayse appeared at the hearing on the petition to rescind. Chief Love did not appear. The Morris police department returned Chief Love's subpoena, along with the check for subpoena fees.

At the hearing on his petition, the defendant asked the court to treat Chief Love's failure to appear the same as it would treat the failure of a complaining witness to appear and to automatically grant the petition to rescind. The State argued that the defendant was required to personally serve Chief Love with a subpoena. As the defendant failed to do so, it contended, he could not complain when Chief Love did not receive the subpoena and appear. The trial court agreed with the State.

The court then gave the defendant the choice of proceeding with a hearing on his petition or continuing the hearing until a date when Chief Love was available. Because his suspension started that day, the defendant chose to proceed with the hearing.

Following the hearing, at which Officer Hayse and the defendant testified, the court denied the defendant's petition. In doing so, it found that the defendant had not met his burden of proving his assertion that Chief Love had not observed him continuously for 20 minutes prior to administering the breathalyzer test. A 20-minute observation period is required by Rule 510.60(a) of the Department of

Public Health standards for administering breathalyzer tests.

On appeal, the defendant first argues that the trial court erred in finding that Chief Love had not been properly served with a subpoena. We find it unnecessary to reach this issue due to our decision on the second issue raised on appeal by the defendant.

The defendant's second argument is that the trial court's finding that Chief Love observed the defendant continuously for 20 minutes prior to administering the breathalyzer test was against the manifest weight of the evidence.

For chemical analysis of a person's breath to be valid under the Illinois Vehicle Code, it shall be performed according to standards promulgated by the Department of Health. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.2.) Rule 510.60(a) of the Department of Public Health standards for testing breath for alcohol requires "continuous observation of the subject for at least twenty (20) minutes prior to collection of the breath specimen, during which period the subject must not have ingested alcohol, food, drink, regurgitated, vomited or smoked." Standards and Procedures for Testing of Breath, Blood and Urine for Alcohol and/or Other Drugs, 77 Ill. Admin. Code 510.60(a) (1986).

In the instant case, Officer Hayse's testimony establishes that he observed the defendant continuously for over 20 minutes prior to and up through his taking the breathalyzer test. The officer testified that during that time the defendant did not smoke, drink, vomit, or regurgitate. Further, the defendant does not claim that he ingested alcohol, food, drink, regurgitated, vomited, or smoked during the 20-minute period prior to the test.

The defendant argues by implication that the 20-minute observation period may be satisfied only by the person who administers the test. The State argues that the 20-minute period may be comprised of the aggregate observations of the arresting officer and the testing officer.

Ingesting alcohol or food, drinking, regurgitating, vomiting, or smoking within 20 minutes before taking a breathalyzer test can cause an inaccurate blood-alcohol content reading. Rule 510.60(a) is intended to guard against such results. Nothing in the rule requires that the person administering the test continuously observe the subject. Further, we can think of no persuasive reason why the aggregated observations of the arresting officer and testing officer could not satisfy the purpose of the rule. Accordingly, we find that even if Chief Love did not observe the defendant for the 20-minute period, the Rule 510.60(a) requirement was met. It is therefore unnecessary

to determine whether Chief Love was properly served because it is clear from the defendant's statements in court and in his brief that the only reason he sought Chief Love's presence was to contest his compliance with Rule 510.60(a).

The judgment of the circuit court of Grundy County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.