THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SANTOS A. TORRES, Defendant-Appellant.

Second District    No. 2—86—0455

Opinion filed September 18, 1987.—Rehearing denied October 19, 1987.

Terrence Michael Jordan, of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Santos A. Torres, appeals from the May 15, 1986, judgment of the circuit court confirming the statutory suspension of his driving privileges.

Three issues are raised on appeal: (1) whether the trial court erred when it admitted defendant's breathalyzer test results where the State failed to assert compliance with the 20-minute continuous observation period as a foundation to the test's admissibility; (2) whether the trial court erred when it admitted the breathalyzer operator's oral testimony of his own certification; and (3) whether the trial court erred in placing the burden of proof at the summary suspension hearing on defendant.

On March 28, 1986, defendant was charged with driving while under the influence of alcohol. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a).) Following defendant's submission to a breathalyzer test which revealed an alcohol concentration of .16, the arresting officer later submitted a sworn report to the circuit court and the Secretary of State and notice of the statutory summary suspension to defendant in conformance with sections 11—501.1(d) and (f) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1(d), (f)). Defendant filed a petition for judicial review of his statutory summary suspension.

At the hearing, defendant testified that Officer Daniel Callahan pulled him over at approximately 4:15 a.m. on March 28, 1986. After defendant had left his vehicle, Callahan told him that he was going to perform a test. There was a disturbance with a passenger in defendant's vehicle, and no tests were given. He was placed under arrest 15 minutes after the initial stop. Callahan did administer a breathalyzer test from 20 to 25 minutes after his arrival at the police station. A second officer, Officer Biniewicz, had transported defendant to the police station and placed him in a holding cage.

Officer Callahan testified that he stopped defendant because no rear registration plate light was operating on the vehicle. As the defendant approached him, Callahan noticed a pungent odor of alcohol, that defendant's balance was unsure and he had to hold onto the vehicle as he walked, and that defendant spoke in a very soft and

quiet voice. Callahan stated that he did administer a performance test at the scene and that defendant's ability to stand and walk a straight line appeared unsure. Thereafter, at approximately 4:20 a.m., Callahan arrested defendant for driving while under the influence of alcohol and proceeded to transport defendant's passenger to the police station, where he was placed in a holding cage. Callahan testified that three to five minutes elapsed between the time he arrived at the station and the time he began attending to the defendant. Defendant was given the statutory summary suspension warnings at the station. Officer Callahan conceded that his written report indicated the warnings were given at 4:20 a.m., and speculated that any discrepancy in the times was due to his approximation of the time of stopping defendant and differences in the clock at the station and his own watch.

At 4:49 a.m., Officer Callahan administered a breathalyzer test to defendant. Over defendant's objections, the trial court allowed Callahan to testify that he was a certified breathalyzer operator, that the machine used to administer the test was certified by the Department of Public Health and was working properly, and that the result of the test administered to the defendant was .16 alcohol concentration. The trial court found in favor of the State, and defendant filed this appeal.

■ The threshold determination to be made in this case is upon whom lies the burden of proof in a statutory summary suspension hearing held pursuant to section 2—118.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1). Section 2—118.1 was added by Public Act 84—272, became effective January 1, 1986, and replaced subsection (c) of section 11—501.1, which previously had provided for this hearing. Section 2—118.1(b), in pertinent part, provides that "[t]he hearing may be conducted upon a review of the law enforcement officer's own official reports; provided however, that the person may subpoena the officer." Prior to the hearing in this case, the trial court ruled that defendant had the burden of proof. There is a conflict in the decisions of the appellate court on this issue. This district has held that the defendant as petitioner in the proceeding bears the burden of proof (*People v. Sanders* (1987), 155 Ill. App. 3d 759, 763, 508 N.E.2d 497; *People v. Griffith* (1987), 153 Ill. App. 3d 856, 861, 506 N.E.2d 430), as has the Fourth District (*People v. Blythe* (1987), 153 Ill. App. 3d 292, 297-98, 505 N.E.2d 402, *appeal denied* (1987), 115 Ill. 2d 544). The Third District, however, has held that this burden should be on the State. (*People v. Orth* (1987), 154 Ill. App. 3d 144, 146, 506 N.E.2d 960, *appeal allowed* 116 Ill. 2d 571.) For the reasons stated in the previous opinions of this court and as set forth

in the Fourth District opinion of *People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E. 2d 402, we continue to hold that the burden of proof in this hearing lies with the petitioner.

■ Because the summary suspension review hearing is civil in nature (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)), the trial court must find that defendant has met his burden of proof by a preponderance of the evidence. (*People v. Sanders* (1987), 155 Ill. App. 3d 759, 763, 508 N.E.2d 497.) The findings of the trier of fact with regard to whether this burden of proof has been met will only be overturned where such findings are palpably against the manifest weight of the evidence. (*People v. Sanders* (1987), 155 Ill. App. 3d 759, 763, 508 N.E.2d 497.) A finding is against the manifest weight of the evidence where an opposite conclusion is clearly evident from the record. *People v. Jacquith* (1984), 129 Ill. App. 3d 107, 117, 472 N.E.2d 107.

The record in this case reflects that defendant failed to produce any evidence to challenge either the State's compliance with the 20-minute continuous observation period prior to the administration of the test or the accuracy of the breathalyzer test result. Defendant initially contends that the State did not assert compliance with the Department of Public Health standards for testing breath for alcohol and, thus, failed to lay a foundation for the admissibility of that test. Specifically, defendant claims that the State failed to introduce evidence to show that the 20-minute continuous observation period prior to the testing requirement of Rule 510.60(a) of the Uniform Standards and Procedures was met. (77 Ill. Adm. Code 510.60(a) (1986).) Notwithstanding the fact that the State did not bear the burden of producing such evidence, it is clear that the defendant need not be under one officer's continuous observation for the 20-minute period in order to comply with Rule 510.60(a). (*People v. Neville* (1987), 151 Ill. App. 3d 679, 681, 503 N.E.2d 387; *People v. Johnson* (1986), 148 Ill. App. 3d 4, 6, 499 N.E.2d 66.) The rule does not prohibit the aggregated observations of two officers; and there is nothing which indicates that such an aggregation does not satisfy the purpose of the rule: to ensure that the defendant has not ingested alcohol, food, drink, regurgitated, vomited or smoked. *People v. Neville* (1987), 151 Ill. App. 3d 679, 681, 503 N.E.2d 387.

■ The record shows that Officer Callahan pulled defendant over at approximately 4:15 a.m. Defendant was arrested shortly thereafter, and Officer Biniewicz brought him to the police station and placed him in a holding cage. In the meantime, Callahan transported defendant's passenger and put him in a holding cage. Between three and five minutes after he arrived at the station, Callahan began attending

to defendant, initially reading to him the summary suspension warning. Defendant testified that he was given a breathalyzer test 20 to 25 minutes after he arrived at the station. Callahan recorded that the test was administered at 4:49 a.m., at least 34 minutes from the time defendant was pulled over and 29 minutes from the time the warning was read to him. Because defendant produced no further evidence, we conclude that the State did comply with the 20-minute continuous observation period and that the trial court properly found that defendant failed to meet his burden of proving to the contrary.

■ Defendant also contends that the trial court erred in admitting the breathalyzer test results where the State failed to establish that Callahan was qualified as a breathalyzer operator, offering only his oral testimony as to his own certification to administer the test. Again, the State is under no obligation to produce evidence of the breathalyzer operator's certification absent defendant's *prima facie* showing that the officer was unqualified, which would give rise to a rebuttable inference that the test results are inaccurate. (See *People v. Sanders* (1987), 155 Ill. App. 3d 759, 764, 508 N.E.2d 497 (*prima facie* showing of machine's inaccuracy required before State needed to present rebuttal evidence).) Section 2—118.1 places the burden with respect to the foundational issue of the trustworthiness of the breathalyzer test results on the defendant as petitioner, rather than the State. *People v. Wilder* (1987), 156 Ill. App. 3d 663, 667, 509 N.E.2d 119.

Here, defendant is relying on his objection to Officer Callahan's testimony regarding his own certification to challenge the admissibility of the breathalyzer test result. Defendant, however, failed to produce any evidence from which an inference of inaccuracy could be drawn. Therefore, notwithstanding the merits of defendant's objection below, the State was under no obligation to produce evidence as to the accuracy of the test result. On this basis, we find no error.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.