THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
MITCHELL J. KURTZ, Defendant-Appellee.

Second District   No. 2—87—0768

Opinion filed June 30, 1988.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

John F. Donahue, of Law Offices of John F. Donahue, of Oak Brook, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

The State appeals from an order of the circuit court of Du Page County rescinding the summary suspension of defendant's driving privileges. At issue is whether there was a sufficient factual basis supporting defendant's inference that the results of his breathalyzer test

were inaccurate. We reverse.

On May 30, 1987, defendant, Mitchell Kurtz, was stopped for speeding by Woodridge police officer Frederick Malayter. Malayter detected an odor of alcohol on defendant's breath and requested defendant to perform field coordination tests. Defendant was subsequently taken to the Woodridge police department, where he performed and failed a breathalyzer test. Defendant was charged by complaint with driving under the influence of alcohol in violation of sections 11—501(a)(1) and (a)(2) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(1), (a)(2)). Defendant was given written notice of the summary suspension of his driving privileges and subsequently filed his petition to rescind that suspension.

Defendant's summary suspension hearing was limited to the issue of whether the breathalyzer test was properly administered. Defendant testified that he was at the Woodridge police department for 20 minutes prior to the breathalyzer test being administered. During that time defendant did not eat, drink, smoke, or vomit. Defendant further testified that while two officers were present in the same room with him for the 20-minute period preceding the test, neither officer observed him because they had their backs turned while checking the breathalyzer. Defendant stated that he performed the test three times before a reading could be obtained. On his third attempt, the breathalyzer indicated a reading of .18. The police officer who administered defendant's breathalyzer test was not present at the hearing. Officer Malayter testified that after he arrested defendant, he brought defendant to the Woodridge police department, where Officer Paul Kumiega administered the breathalyzer test. Malayter stated that both he and Kumiega were with defendant during the 20-minute period prior to testing. Malayter testified that he observed defendant and did not see him eat, drink, smoke, or vomit. No further evidence was submitted by either side. In closing argument, defendant argued that the State failed to present proper foundational evidence regarding the administration of the breathalyzer test. The State responded that defendant had the burden of first proving the test results inaccurate and failed to do so in that he only presented evidence regarding the 20-minute observation period. The trial court granted defendant's petition to rescind after concluding that the State failed to present any sworn competent testimony pertaining to the breathalyzer. The trial court entered its written order in accordance with that decision, and the State brought this timely appeal.

The State contends that it was not required to present sworn testimony pertaining to the breathalyzer's accuracy because defendant

failed to present any evidence raising a reasonable inference that his test results were unreliable. We agree.

■ A person challenging the summary suspension of his driver's license bears the burden of proof at the rescission hearing. (*People v. Griffith* (1987), 153 Ill. App. 3d 856, 861; *People v. Blythe* (1987), 153 Ill. App. 3d 292, 298.) To rescind the summary suspension of a defendant's driver's license, the trial court must find that the defendant has satisfied his burden of proof by a preponderance of the evidence. (*People v. Torres* (1987), 160 Ill. App. 3d 643, 646; *People v. Sanders* (1987), 155 Ill. App. 3d 759, 763.) Whether a defendant has met his burden of proof by a preponderance of the evidence is a question of fact for the trial judge, and his determination will not be overturned on review unless it is palpably against the manifest weight of the evidence. (*Torres*, 160 Ill. App. 3d at 646; *Sanders*, 155 Ill. App. 3d at 763.) A finding is against the manifest weight of the evidence where an opposite conclusion is clearly evident from the record. *Torres*, 160 Ill. App. 3d at 646.

■ The record in this case indicates that the trial court granted defendant's petition to rescind based on its finding that the State failed to present any sworn testimony pertaining to the reliability of the breathalyzer. In rendering its decision, the trial court relied on the principles set forth in *People v. Orth* (1987), 154 Ill. App. 3d 144, *appeal allowed* (1987), 116 Ill. 2d 571. However, in *Torres*, we noted our disagreement with the holding set forth in *Orth*. (See *Torres*, 160 Ill. App. 3d at 645-46.) The burden of proof with respect to foundational issues concerning the trustworthiness of the breathalyzer test results rests with defendant as petitioner. (160 Ill. App. 3d at 647; *People v. Wilder* (1987), 156 Ill. App. 3d 663, 667; compare *People v. Martin* (1987), 161 Ill. App. 3d 472, 475 (defendant bears burden of proof at summary suspension hearing with respect to foundational issues concerning the trustworthiness of blood tests).) Requiring the State to first present sworn testimony regarding the reliability of the breathalyzer would place the burden of proof back on the State. Such an action is improper under prior decisions of this court, and the trial court erred in so holding. The State need only present evidence of the breathalyzer's reliability where the defendant has raised the rebuttable inference that the test results are inaccurate. See *Torres*, 160 Ill. App. 3d at 647; *Sanders*, 155 Ill. App. 3d at 764.

In our opinion, the record in the instant action indicates that defendant failed to raise the rebuttable inference that the test results were inaccurate. In *Sanders*, the State appealed the trial court's decision granting the defendant's petition to rescind his summary suspen-

sion after the trial court concluded that the defendant had met his burden of proving that the breathalyzer machine had malfunctioned. (155 Ill. App. 3d at 763.) The defendant presented evidence that he blew into the breathalyzer twice before it registered a reading. (155 Ill. App. 3d at 761.) On the first occasion, defendant blew into the machine until the green light went out, and when he removed his mouth, the light reappeared. (155 Ill. App. 3d at 761.) Defendant was then instructed to blow a second time until the light went off. (155 Ill. App. 3d at 761.) At his summary suspension hearing, the defendant testified that he believed the test results were inaccurate. (155 Ill. App. 3d at 761.) The State did not present any testimony regarding the accuracy of the machine into which the defendant blew. (*Sanders*, 155 Ill. App. 3d at 762-63.) In reversing the decision rescinding the defendant's summary suspension, we found that the defendant had failed to establish a *prima facie* showing of the machine's inaccuracy so as to require the State to present evidence of accuracy in rebuttal. (155 Ill. App. 3d at 764.) We further concluded that there was virtually no evidence sufficient to support the inference that the machine malfunctioned other than the defendant's uninformed opinion. 155 Ill. App. 3d at 764.

■ Here, defendant, like the defendant in *Sanders*, has presented virtually no evidence which sufficiently supports an inference that the breathalyzer malfunctioned. Although defendant testified that he blew into the machine three times before a reading could be obtained, that fact, standing alone, does not raise a reasonable inference that the machine malfunctioned. Instead, defendant's statement merely indicates that it took him three tries to produce an adequate breath sample for analysis. Without more, defendant has failed to make a *prima facie* showing that the machine was inaccurate. Therefore, we conclude that the trial court's decision rescinding defendant's summary suspension was against the manifest weight of the evidence.

Accordingly, the decision of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

DUNN and REINHARD, JJ., concur.