THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
RICHARD L. SCOTT, JR., Defendant-Appellee.

Second District   No. 2—91—1264

Opinion filed August 18, 1993.

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE QUETSCH delivered the opinion of the court:

The State appeals from the circuit court's order granting defendant's petition to rescind the statutory summary suspension of his driver's license and his motion to quash his arrest and suppress evidence. We reverse and remand.

Defendant, Richard L. Scott, Jr., was charged by complaint with driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2) (now 625 ILCS 5/11—501(a)(2) (West 1992))) and driving while his license was revoked (Ill. Rev. Stat. 1991, ch. 95½, par. 6—303(a) (now 625 ILCS 5/6—303(a) (West 1992))). The complaints alleged that the offenses occurred on March 8, 1991, at approximately 10 p.m. The officer's sworn report shows that defendant was served with a notice of the summary suspension of his license for refusing to submit to or complete a blood-alcohol test.

Defendant filed a petition to rescind the statutory summary suspension of his driver's license on the ground that the officer did not have reasonable grounds to believe he was driving or in actual physical control of a motor vehicle while under the influence of alcohol. He also filed a motion to quash the arrest and suppress evidence on the basis that the officer did not have probable cause to arrest him.

The petition and motion were initially denied on June 14, 1991. Defendant filed a motion to reconsider on July 9, 1991, and the court subsequently granted defendant's petition and motion in its order of October 4, 1991. The State has timely appealed pursuant to Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)) and has filed a certificate of impairment.

On appeal, the State argues that the decision of the trial court was manifestly erroneous because (1) the officer's decision to arrest was not based upon an impermissible stop or detention since defendant voluntarily approached the officer; and (2) the officer had probable cause to arrest defendant based on his observation of the totality of the circumstances and he did not rely solely on a citizen-informant's

tip in determining probable cause to arrest. Defendant has not filed an appellee's brief, and we therefore entertain this appeal pursuant to the guidelines set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

The record discloses that, on June 14, 1991, the trial court conducted a hearing on defendant's petition and motion, and the court granted the State's motion for a directed finding. Defendant moved for reconsideration. After the trial court agreed to reconsider its decision, the court conducted a hearing on the State's case in chief and rendered a decision in defendant's favor on October 4, 1991. A bystander's report summarizing the evidence and certified by the trial court was submitted with the record on appeal instead of a transcript of the proceedings.

The bystander's report states that Officer James Spartz and Sergeant James Kayes were officers in the De Kalb police department at the time in question. Spartz and Kayes were at the parking lot of McCabe's Tavern, where they were investigating an unrelated incident. At the parking lot, the officers were approached by an anonymous citizen who told them that the citizen had witnessed a person who appeared very intoxicated get into a brown pickup truck; the citizen told them the direction in which the truck was traveling. Kayes, who was seated in a squad car, testified that he proceeded in the direction given him by the citizen and saw a brown pickup truck, among other vehicles, about three blocks ahead of him. As Kayes caught up with the brown pickup truck which he had seen from the street, he observed the truck turn into a private driveway. Kayes did not see the driver commit any violation of any statutes or ordinances as he caught up to the brown truck traveling on the street.

When Kayes pulled into the driveway behind the brown pickup truck, the driver of the truck staggered out of the truck as he walked toward the squad car. Kayes identified defendant as the driver of the truck. Kayes testified that defendant swayed while he was standing, had an odor of alcohol on his breath, and had slurred speech and bloodshot eyes. Defendant refused to perform any field sobriety tests. Kayes then placed defendant under arrest for driving under the influence of alcohol and driving while his license was revoked. It was stipulated that there were no outstanding warrants for defendant.

Defendant argued that there was no way that the officer could tell whether the anonymous informant had provided credible or reliable information. Defendant noted that the officers did not get the name of the citizen and did not ascertain how the citizen gained his information that defendant was under the influence of alcohol.

The State pointed out that, by the time Kayes had caught up with the brown pickup truck, the vehicle had already stopped and the driver had exited. The State argued that no stop had been effected and Kayes continued his investigation when he saw defendant stagger toward the squad car.

In its order, the trial court stated these findings of fact as the basis for the "stop." The officers had been approached in the parking lot by an unidentified individual who told them that he witnessed someone who was very intoxicated driving a brown pickup truck. The officers did not know who the individual was or whether the information provided was credible or reliable. Kayes proceeded north on Fourth Street and observed three vehicles heading north, including a brown pickup approximately three blocks away. Kayes observed the pickup proceed for a short duration after which it turned into a private driveway. Neither officer observed defendant violate any statute or ordinance, and there were no outstanding warrants for defendant. The court concluded that there was insufficient evidence to show the reliability of the anonymous tip and the police investigation did not corroborate the information provided by the tipster. The court therefore ordered that the statutory summary suspension be rescinded, that the arrest of defendant be quashed, and any evidence obtained thereby be suppressed. After reviewing the evidence in the record, we believe the trial court's decision was manifestly erroneous.

As the movant in a suppression hearing, the defendant has the burden of proof to establish that a search or seizure was unlawful or impermissible, that is, the defendant must make a *prima facie* case that the police lacked probable cause or reasonable grounds to arrest the defendant (*People v. Broge* (1987), 159 Ill. App. 3d 127, 140), or that the officer had no reasonable and articulable suspicion of criminal activity to warrant an investigative stop (*People v. Repp* (1988), 165 Ill. App. 3d 90, 94). Once the defendant has shown that he was doing nothing unusual to justify the intrusion by the police at the time of the stop or arrest, the burden of going forward with the evidence to justify the intrusion shifts to the State. See *Broge*, 159 Ill. App. 3d at 140.

Similarly, in a summary suspension hearing, which is a civil proceeding, it is the motorist-petitioner who bears the burden of establishing a *prima facie* case for rescission. (*People v. Orth* (1988), 124 Ill. 2d 326, 337-38.) He must show by a preponderance of the evidence that he is entitled to rescission. (*People v. Kurtz* (1988), 171 Ill. App. 3d 1068, 1070.) Thus, in such a hearing, the motorist-petitioner (defendant) acts in the role of plaintiff, and if the court finds that the

motorist has presented a *prima facie* case by credible evidence, the burden of going forward shifts to the State. *Orth*, 124 Ill. 2d at 341; *Kurtz*, 171 Ill. App. 3d at 1070.

In a summary suspension hearing, whether the defendant has met his burden of proof is a question of fact for the trial court, and its determination will not be overturned on review unless it is palpably against the manifest weight of the evidence, that is, unless an opposite conclusion is clearly evident from the record (*Kurtz*, 171 Ill. App. 3d at 1070) or the court's findings are manifestly erroneous (*People v. Graney* (1992), 234 Ill. App. 3d 497, 503; *People v. Safiran* (1992), 229 Ill. App. 3d 639, 641). A similar "manifestly erroneous" standard applies in reviewing a trial court's finding on a motion to quash or to suppress. (*People v. Villarreal* (1992), 152 Ill. 2d 368, 373; *People v. Houlihan* (1988), 167 Ill. App. 3d 638, 642.) Because these standards are sufficiently similar, we will consider both rulings together.

A warrantless arrest may be made if the arrest is supported by probable cause, that is, when the totality of the facts and circumstances known to the officer are such that a reasonable prudent person would believe that the suspect is committing or has committed a crime. (*People v. Montgomery* (1986), 112 Ill. 2d 517, 525.) Whether probable cause is present is governed by commonsense considerations, and the calculation concerns the probability of criminal activity, rather than proof beyond a reasonable doubt. *Montgomery*, 112 Ill. 2d at 525.

An officer may make a valid investigatory stop based on "reasonable suspicion" and without probable cause to arrest (*Houlihan*, 167 Ill. App. 3d at 642), provided that the officer's decision is based on specific and articulable facts and he reasonably infers, from all the facts and circumstances known to him at the time he initiated the stop, that the defendant committed, was committing, or was about to commit an offense. *People v. Crest* (1989), 188 Ill. App. 3d 768, 772-73.

The test for reasonable suspicion is a less exacting one than for probable cause to arrest. (*Repp*, 165 Ill. App. 3d at 94.) A reasonable suspicion can arise even when no violation of the law has been witnessed so long as the officer points to specific, articulable facts which, when taken together with the rational inferences from those facts, reasonably warrant the intrusion—such as when he observes unusual conduct which leads him reasonably to conclude in the light of his experience that criminal activity may be afoot. *Safiran*, 229 Ill. App. 3d at 641; *People v. Hardy* (1986), 142 Ill. App. 3d 108, 113.

■■ ■ In the case at bar, the thrust of the State's argument is that the court erroneously focused on the alleged lack of reliability in the citizen-informant's tip and the officer thus effectuated an impermissible stop and subsequent arrest without probable cause. The State points out that the officer did not rely solely on the citizen's tip and the additional information that went into the officer's decision to arrest was not the result of any improper detention. We first determine whether there was an impermissible stop or, indeed, whether there was any stop at all. Second, we determine whether the officer had probable cause to make a warrantless arrest of defendant.

Ordinarily, a reasonable ground to stop a suspect may be based on an informant's tip where it is clear that some indicia of the tip's reliability are present which justify the investigative stop. (*City of Lake Forest v. Dugan* (1990), 206 Ill. App. 3d 552, 555, citing *Village of Gurnee v. Gross* (1988), 174 Ill. App. 3d 66.) However, when the reliability of the information obtained from an anonymous tip cannot be readily corroborated and there are no other suspicious circumstances known to the officer, a stop may be deemed unjustified. See *People v. Pantoja* (1989), 184 Ill. App. 3d 671; *People v. Moraca* (1984), 124 Ill. App. 3d 561; *cf. In re J.J.* (1989), 183 Ill. App. 3d 381, 387 (where citizen's in-person complaint was immediately verifiable at the scene, reliability of citizen's tip would not be as vigorously scrutinized as would an anonymous informant's unverified tip in justifying stop or determining probable cause).

In this case, although the arresting officer initially received his information from a citizen whose reliability is not established in the record, we believe that tip is not relevant to the resolution of whether the fourth amendment has been violated: there was no initial stop of defendant based on the tip which implicated defendant's rights under the fourth amendment. In the absence of a seizure, the defendant's fourth amendment right is simply not implicated (*People v. Taggart* (1992), 233 Ill. App. 3d 530, 547), and a *Terry* analysis (see *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868) does not apply (*People v. Clark* (1989), 185 Ill. App. 3d 231, 235-36, citing *Florida v. Royer* (1983), 460 U.S. 491, 497-98, 75 L. Ed. 2d 229, 236, 103 S. Ct. 1319, 1324).

A person is seized within the meaning of the fourth amendment only when, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. (*People v. Melock* (1992), 149 Ill. 2d 423, 436-37; *Taggart*, 233 Ill. App. 3d at 547.) The fourth amendment is not implicated where the police merely approach an individual in a public place and ask him

if he is willing to answer questions or put questions to him if the person is willing to listen, and the mere approach of an officer who identifies himself as such does not, without more, convert the encounter into a seizure. *Taggart*, 233 Ill. App. 3d at 547.

" 'Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a "seizure" has occurred.' " (*People v. Long* (1983), 99 Ill. 2d 219, 229, quoting *Terry*, 392 U.S. at 19 n.16, 20 L. Ed. 2d at 905 n.16, 88 S. Ct. at 1879 n.16.) Evidence tending to show that there was a seizure includes "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the citizen or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." (*Taggart*, 233 Ill. App. 3d at 547.) Where an officer merely follows a vehicle without a display of authority (such as by activating his lights or siren) and the driver voluntarily pulls over and stops, there is no fourth amendment seizure. See, *e.g., Long*, 99 Ill. 2d at 231; *Taggart*, 233 Ill. App. 3d at 547-48.

An officer who possesses probable cause may make a warrantless arrest in a public place for any felony or misdemeanor committed in the officer's presence. (*People v. Lagle* (1990), 200 Ill. App. 3d 948, 952.) Although the State did not address the issue whether the arrest took place in a public place, we consider this issue because, as is evident from the above-stated rule on warrantless arrests, location may play an important role in a warrantless arrest analysis. In the absence of otherwise limiting circumstances, a driveway on private property, like the entrance to a private home, can be considered a public place. See *United States v. Santana* (1976), 427 U.S. 38, 42, 49 L. Ed. 2d 300, 305, 96 S. Ct. 2406, 2409 (defendant standing in doorway of her house was in a "public place" for fourth amendment purposes; she had no expectation of privacy and was exposed to public view; officers had probable cause to make arrest which was set in motion in a public place); *Lagle*, 200 Ill. App. 3d at 954 (in *dictum*, court concluded that if the officer's testimony were credible and he saw defendant speeding, followed defendant into his driveway, saw defendant stagger from his truck and had probable cause to arrest defendant for DUI committed in his presence, arrest would be lawful as it was initiated in a public place—defendant's driveway); see also *People v. Wolff* (1989), 182 Ill. App. 3d 583 (defendant standing in doorway of his home was in a "public place" where officer had probable cause to arrest for DUI).

In the case at bar, defendant voluntarily pulled into a private driveway, and the officer pulled up behind him. The record is silent

regarding any show of force or authority or any indication that the officer requested defendant to stop. Defendant had the burden of proof. The evidence supports the inference that defendant voluntarily stopped his truck, exited and approached the officer. Therefore, contrary to the court's finding, we determine that there was no "stop" or seizure of defendant when he initially pulled into his driveway and the officer pulled up behind him. At this point, defendant voluntarily approached the officer.

It is at this point in time, however, that probable cause to arrest then developed in the presence of the officer when the officer observed defendant display the usual indicia of intoxication: staggering, swaying while standing, an odor of alcohol on defendant's breath, slurred speech, and bloodshot eyes. (See, *e.g., People v. Kennedy* (1986), 144 Ill. App. 3d 4, 6-7.) The officer had just observed defendant driving. Thus, there were sufficient facts within the arresting officer's knowledge to warrant a person of reasonable caution to believe that defendant had been driving under the influence of alcohol. (See *People v. Jebelian* (1990), 204 Ill. App. 3d 11, 14.) Under the circumstances present here, we also believe the arrest was lawfully made in a "public place" even though it took place in a private driveway. Defendant did not contend in the trial court that the arrest occurred in a place where he had an expectation of privacy or within the curtilage of his home. See, *e.g., People v. Becktel* (1985), 137 Ill. App. 3d 810 (unenclosed garden on defendant's property, open and accessible to public, was not part of curtilage subject to fourth amendment protection).

For the reasons stated, we conclude that the trial court's decision that there was an impermissible stop of defendant was manifestly erroneous. Therefore, the court's order granting defendant's petition to rescind and his motion to quash arrest and suppress evidence must be reversed and the cause remanded for further proceedings.

Reversed and remanded.

BOWMAN and COLWELL, JJ., concur.